# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Wayne Martin

v.

University of Virginia
Medical Center

December 18, 2015

Case No. CL 15-199

BY JUDGE RICHARD E. MOORE

I have now had a chance to totally review the file in this case, including all of the submissions and arguments of the parties, as well as the relevant statutes and pertinent case law and my notes from the September 18 hearing.

The question in this case is whether this Court should reverse the decision of the Hearing Officer in Mr. Martin's grievance against the University of Virginia Medical Center in Office of Dispute Resolution cases # 10525, # 10549, and # 10550. Mr. Martin, as Appellant here and Grievant below, asks the Court to reverse the rulings in each case.

*Facts*

Wayne Martin was a systems engineer at the University of Virginia Medical Center in the Department of Radiology and Imaging. There are three separate cases that led to the termination of Mr. Martin, all of which were presented in one grievance hearing on March 26, 2015.

The first case, # 10525, involved an allegation that Martin "failed to meet performance expectations" in violation of policy 701. A fellow systems engineer alleged that he failed to complete a server installation and set-up for the Certegra workstations by the October 13, 2014, deadline. At the grievance hearing, the Hearing Officer found that Martin's performance

was below expectations in violation of U. Va. Medical Center policy and that he was not in compliance.

The second case, # 10549, involved three instances or incidents where Martin was alleged to have failed to meet performance standards or expectations. The first event leading to this sanction was Martin's alleged failure to keep the PACS02 system "up and running." The two other events focused on Martin's responsibilities while performing a fire system inspection test. It was Martin's responsibility to make sure that all of the servers were back on-line after the test. He was late for the test, and, more importantly, several of the servers were not returned to on-line status, which he acknowledged at the hearing. The Hearing Officer found that there was not enough evidence to show that Martin failed to meet performance expectation in relation to the PACS02 system (policy 707), but found that Martin did fail to comply with employer policy (701) with the fire system inspection test and server restart.

Finally, case # 10550 involved two allegations: that the Appellant mishandled protected health information and that he was insubordinate. A supervisor had asserted that Martin refused to appear at a scheduled required meeting on November 26, 2014, and that he improperly removed and disclosed papers containing protected information following his termination. While the Hearing Officer found no testimony to support the allegation that Martin improperly handled protected health information, *viz.* he had proper access to the papers, and there was no evidence that he disclosed such, he did find that Martin's refusal to attend the meeting was insubordinate, all leading to a justified termination.

## Procedural Posture

Mr. Martin has moved this Court to find that the Hearing Officer was in error in finding against him in all three cases and to reverse such decisions. In the first case, he challenges the adequacy of the notice and the sufficiency of the evidence presented by the employer. In the second case, he also challenges the sufficiency of the evidence against him as well as the adequacy of the notice of the charges. Finally, he also challenges the third decision as contrary to the Office of Employment Dispute Resolution policy and due process.

It should be noted that he filed with the EDR a request for review by the Director of Human Resource Management of the Hearings Officer's decision as to compliance with policy, pursuant to Va. Code § 2.2-3006(A), but such was not timely filed and was dismissed.

*Standard of Review*

The scope of review is very narrow for a circuit court in these types of appeals. Va. Code § 2.2-3006(B). The standard of review for the Court focuses solely on whether the Hearing Officer's decision is contradictory to any applicable law. *Kone v. Virginia Dept. of State Police*, 09 Va. UNP 09774092 (Va. App. 2009), 2009 Va. App. LEXIS 517 *3, quoting *Virginia Polytechnic Inst. v. Quesenberry*, 277 Va. 420, 429 (2009). Revisiting the factual determination of the Hearing Officer or redetermining any alleged policy violations or procedural shortcomings are not in the purview of the reviewing court's authority.

In addressing these claims, the Court must first determine whether the substance of the Appellant's claims is challenging the hearing decision as contrary to applicable law or simply disagreeing with the findings of the Hearing Officer or the procedures followed. The Appellant bears the burden of identifying the law that has been contradicted by the final decision. *Kone*, 2009 Va. App. LEXIS at *3-5. If the Appellant fails to identity any applicable law that the Hearing Officer's decision contradicts, then the circuit court lacks any basis or authority for reviewing the Hearing Officer's decision. *Quesenberry*, 277 Va. at 431.

If the Appellant's claims fall outside of the legal challenges to the Hearing Officer's decision, then the Court does not have jurisdiction to review those claims. In these grievance appeals, the grievance hearing officer serves as the fact finder, and the Department of Human Resource Management determines whether the decision is consistent with agency policy. *Workman v. Department of Corr.*, 82 Va. Cir. 160, 161, 2011 Va. Cir. LEXIS 130 *3 (Chesapeake 2011). Neither the facts nor the procedural determination from the previous grievance hearing are subject to judicial review, and this Court is bound by those factual and procedural findings. *Id.*; *Coffey v. Virginia Dept. of Juvenile Justice*, 2013 Va. App. LEXIS 304 at *3-4 (0529-13-4 Va. App. 2013). It is the Court's view that, in this case, as discussed below, the Appellant challenges the Hearing Officer's decision based on factual and procedure errors. Thus both of these errors are beyond this Court's purview of consideration.

*Analysis*

A. *Case # 10525*

Martin challenges the Hearing Officer's decision for failure of the U. Va. Medical Center to provide sufficient notice of the charge and evidence of his failure to complete the Certegra project by the October 13, 2014, deadline. He is challenging the Hearing Officer's interpretation of the terms of the task.

He also alleges that this decision violates *Schweider v. Schweider*, 243 Va. 245, 246 (1992), which he says held that a court cannot base its decision on facts not alleged. I cannot see where *Schweider* has any relevance or application to this case, and I do not see the quoted language at the page cited. In any event, the Commonwealth's employee grievance procedure is governed by statute and is distinct from the appellate process provided by the courts. *Schweider* sets forth precedent applying the appellate review of a trial court decision, which is inapplicable to the present situation.

However, the purported error Martin is challenging is a factual and evidentiary matter. According to the grievance procedure set forth in Va. Code § 2.2-3005.1(C), the Hearing Officer for the grievance procedure is the fact finder for the proceeding. According to *Coffey*, this court is bound by the factual findings of the Hearing Officer and does not revisit or review them. The Court's sole role is to consider whether the decision made by the Hearing Officer, based on those facts, is contrary to law. Since Martin presents an alleged error of fact that the Court should not review, the Court cannot reverse the Hearing Officer's decision based on such alleged error. Martin presents no law to which such finding is contrary or contradictory.

## B. *Case # 10549*

Appellant again alleges deficiencies in the written notice provided to him and that such errors constitute a violation of his procedural due process rights under the U.S. Constitution. He says that he did not have notice of the specific servers that were not brought back on-line. In addition to these procedural errors, Martin argues that U. Va. Medical Center did not present sufficient evidence to support the allegation at the grievance hearing.

Again, in reference to his claims about procedural errors, in the written notice provided him, this Court's role in the grievance process is to consider errors of law. As affirmed in *Workman* and Va. Code § 2.2-3006(A), the Department of Human Resources is the body that should review errors in policy and procedure according to the Office of Employment Dispute Resolution policies. *Workman*, 82 Va. Cir. at 161. Therefore, any claims referencing an error in the administration of procedure are improperly placed before this Court. Despite Martin's language of "due process," the substance of his complaint focuses on whether he was given proper notice of the allegation, which is a factual and procedural question, and not properly considered by the Court. Therefore, this Court should not and will not review the Hearing Officer's decision on this basis.

As to Martin's claims about insufficient evidence, this Court finds that the Appellant is presenting the Court with errors of fact and procedure and not errors of law. Martin says that no servers were affected by the incident, and the Hearing Officer found that they were. Martin's contentions with the findings of fact made by the Hearing Officer are not properly reviewable by

this Court; so the Court declines to reverse on that ground. He presents no law to which such finding is contrary or contradictory.

### C. *Case # 10550*

Martin argues that the evidence presented by U. Va. Medical Center at the grievance hearing was insufficient to find him insubordinate. Martin also argues that this case violated the Office of Employment Dispute Resolution policy and state law, in that he was not given an opportunity to present a defense prior to being terminated. He alleges that these violations deprived him of his due process rights within the Fifth and Fourteenth Amendments of the U.S. Constitution and that these violations of the Constitution make the Hearing Officer's decision contradictory of law.

It is the Court's view that the statutory scheme, the Step process, and the hearing itself, as well as this appeal, are all components of due process that he is being afforded.

While Martin's claims allude to a violation of his procedural due process rights, the substance of his claims challenges factual and procedural elements of the Hearing Officer's decision. Any challenges made by the Appellant targeting the evidence or factual findings presented at the grievance hearing are beyond the scope of this Court's review. Further, the Department of Human Resources is the body given the authority to review questions of procedure for grievance hearings. He had an opportunity to seek their review and effectively forfeited it. Because of the narrowly defined role of the Court in these cases, this Court finds that the claims made in Martin's grievance appeal are outside of the scope of the Court's determination. He presents no law to which such finding is contrary or contradictory.

For the foregoing reasons, I decline to reverse the decision of the March 2015 Hearing, and will enter the order submitted by U. Va., dismissing the appeal.